## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

BRIAN WALTON,                                    Case No. 22-CV-50 (PJS/JFD)

                    Plaintiff,

v.                                                              **ORDER**

MEDTRONIC USA, INC.,

                    Defendant.

This matter is before the Court on the Motion of Brian Walton to Amend the Complaint (Dkt. No. 43). The Court heard oral argument on this motion on December 5, 2022. Plaintiff was represented by Mr. Colin Pasterski and Defendant was represented by Mr. Marco Mrkonich, Ms. Claire Deason, Mr. Daniel Bihrle, and Ms. Katherine Tank. (Hr'g Mins., Dkt. No. 54.) The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

The Court grants Mr. Walton's Motion to Amend the Complaint to add a claim of race discrimination under § 1981 of the Civil Rights Act of 1991. Because an adverse employment event can have multiple but-for causes, Mr. Walton's allegations that he experienced discrimination because of his age and sex do not destroy his § 1981 race discrimination claim. *See Comcast Corp. v. Natl'l Assoc. Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020) (holding that a § 1981 plaintiff must prove that their race was a but-for cause of the discriminatory action); *Bostock v. Clayton Cnty.,* 140 S. Ct. 1731, 1739 (2020) (explaining events may have more than one but-for cause). Moreover, the factual

allegations he makes, taken as true and with all inferences in his favor, plausibly allege a § 1981 violation under the liberal pleading standard of Federal Rule of Civil Procedure 8(d). *See DiBenedetto v. AT&T Servs. Inc.*, No. 21-CV-04527 (MHC/RDC), 2022 WL 1682420 at *4–5 (N.D. Ga. May 19, 2022) (denying motion to dismiss on similar facts).

## BACKGROUND

This motion is part of a dispute between Mr. Walton and his former employer, Medtronic. Mr. Walton is a white man who started working at Medtronic as a sales representative in 1996. (First Am. Compl. ¶¶ 3, 18, Dkt. No. 11.) At the time of his termination, he was 56 years old. (*Id.* ¶ 3.) During his employment with Medtronic, Mr. Walton was promoted twice, "consistently surpassed sales targets," and won "accolades and positive reviews." (*Id.* at ¶ 18–21.) Mr. Walton alleges that Medtronic terminated him from his position as a "high level sales manager" in July 2021 during a company reorganization and transferred his sales territory to another district manager who is a Black woman younger than him. (*Id.* at ¶ 1; Pl.'s Mem. Supp. Mot. Amend 1, Dkt. No. 45.) Mr. Walton alleges that this district manager had "minimal management experience, had a low sales performance, and reported to Mr. Walton for two years." (Pl.'s Mem. Supp. Mot. Amend 2–3; First. Am. Compl. at ¶¶ 33–34.) Mr. Walton alleges that Medtronic's goal of having women in 40% of its leadership positions and people of color in 20% of its leadership positions by the year 2020 was the real reason for his termination and that "had Medtronic objectively compared the relative qualifications, specific experience, and abilities and strengths between [managers], Mr. Walton would not have been selected for termination." (First Am. Compl. at ¶ 29; Pl.'s Mem. Supp. Mot. Amend 2.)

Mr. Walton sued Medtronic for violations of the Minnesota Human Rights Act ("MHRA") and the federal Employee Retirement Income Security Act ("ERISA"). (Notice of Removal, Dkt. No. 1.) He amended his claim once by right. (*See* First Am. Compl.) Chief Judge Patrick J. Schiltz dismissed Mr. Walton's ERISA claim but allowed the four state law MHRA claims—alleging discrimination on the basis of age (including counts for both disparate treatment and disparate impact), race, and sex—to proceed. (Order 9, Dkt. No. 31; Proposed Second Am. Compl. ¶¶ 29–64, Dkt. No. 49-1.) Mr. Walton now seeks to amend his complaint to add an allegation of race discrimination in violation of the Civil Rights Act of 1991. (Proposed Second Am. Compl ¶ 5 (citing 42 U.S.C. § 1981).) Medtronic opposes the amendment, arguing that it is futile because Mr. Walton alleges discrimination on multiple bases: race, gender, and age. (Def.'s Mem. Opp'n Mot. Amend 5–12, Dkt. No. 51.) Medtronic argues that these "bundled" allegations preclude a finding that race was a but-for cause of Mr. Walton's termination. (*Id.*)

## LEGAL STANDARD

Leave to amend a pleading is governed by Federal Rule of Civil Procedure 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." This is a capacious standard, but it is not a boundless one. Courts may deny leave to amend for "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d

709, 715 (8th Cir. 2008) (citing *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

A proposed amendment to a complaint is futile if "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008). Rule 12(b)(6) requires dismissal when a complaint fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff need not plead "detailed factual allegations," but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. For a claim to be facially plausible, the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In applying this standard, the Court accepts the factual allegations as true and views them in the light most favorable to the plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013).

## ANALYSIS

Now codified as part of the Civil Rights Act of 1991, 42 U.S.C. § 1981 derives from § 1 of the Civil Rights Act of 1866. *See* 14 Stat. 27–30 (1866). Section 1981 grants all persons the same right to, among other things, "make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. An employee can recover legal and equitable relief if they are discriminated against in employment based on their race. *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459–60 (1975).

Mr. Walton's Motion to Amend requires the Court to analyze whether adding an allegation of race discrimination in violation of § 1981 of the Civil Rights Act of 1991 to his complaint is futile. It is not. To start, the Court clarifies that § 1981 plaintiffs must plead a more exacting causation standard—but-for causation—than MHRA plaintiffs do. *Compare Comcast Corp.*, 140 S. Ct. at 1019 *with McGrath v. TCF Bank Sav. FSB*, 509 N.W.2d 365, 365 (Minn. 1993). Mr. Walton has pleaded sufficient facts to meet this standard at the motion to dismiss stage. Events can have multiple but-for causes, so § 1981 plaintiffs can argue that their race was the but-for cause of a discriminatory event, as Mr. Walton does, while arguing that another trait also caused the discrimination. *See, e.g.*, *Turner v. Fed. Express Corp.*, No. 20-CV-02271 (JTF/TMP), 2022 WL 4082476 at *3–4 (W.D. Tenn. Sept. 6 2022) ("[P]leading two types of discrimination is not fatal to § 1981 claims). Mr. Walton alleges that he would still be working at Medtronic, but for the fact that he is white. (*See* Proposed Am. Compl. ¶ 27.) By claiming that sex and age also played a role in his termination, Mr. Walton does not thwart his § 1981 claim.

### A. Section 1981 Claimants Must Plead But-For Causation.

The Supreme Court recently clarified that a § 1981 plaintiff "must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp.*, 140 S. Ct. at 1019. In *Comcast*, Entertainment Studios Network (ESN) sued Comcast, a cable television conglomerate, after Comcast declined to carry ESN's programming. *Id.* at 1013. ESN alleged that "Comcast systematically disfavored '100% African American-owned media companies.'" *Id.* ESN urged the Court to apply the "motivating factor" causation test in Title VII of the Civil Rights Act of 1964

to their claim under § 1981. *Id.* at 1014, 1017. The Court declined to do so, noting that Title VII and § 1981 have distinct histories and there is no evidence to suggest that they incorporate the same pleading standard. *Id.* at 1017–18. The Supreme Court reasoned that the historical text of § 1981—which notes that individuals are entitled to the same rights of contract "as enjoyed by white citizens"—suggests a but-for causation standard. *Id.* at 1015. The Supreme Court raised the counterfactual question: what would have happened if the plaintiff were white? If the plaintiff would have received the same treatment, "an ordinary speaker of English would say that the plaintiff received the 'same' legally protected right as a white person. Conversely, if the defendant would have responded differently but for the plaintiff's race, it follows that the plaintiff has not received the same right as a white person." *Id.*

Mr. Walton argues that his § 1981 claim is not futile because it relies upon the same evidence as his MHRA claim for race discrimination, which was not dismissed under Rule 12(b)(6). (Order, Dkt. No. 31; Pl.'s Mem. Supp. Mot. Amend 6 ("If Walton's MHRA race discrimination is not clearly frivolous,[1] neither is Walton's virtually identical race

---

[1] Mr. Walton cites two cases that evaluate a motion to amend by asking whether the proposed amendment is "clearly frivolous." *Popp Telecom v. Am. Sharecom, Inc.*, 210 F.3d 928, 944 (8th Cir. 2000) ("[I]n deciding whether to permit a proffered amendment, a court should not consider the likelihood of success unless the claim is clearly frivolous."); *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) ("Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous."). Both cases pre-date *Sherman,* 532 F.3d 709, at 709 (holding courts may deny leave to amend for futility) and *Crowell,* 519 F.3d 778, at 782 (holding complaints are futile if they could not withstand a Rule 12(b)(6) motion). Even if the proper legal standard at some time was "clearly frivolous," it no longer is. However, Mr. Walton also cites two cases reflecting the proper standard as described in *Crowell. In re Senior*

discrimination claim under Section 1981.").) While the Court ultimately agrees that Mr. Walton's claim is not futile, it does not do so under this rationale urged by Mr. Walton. Mr. Walton's argument ignores the fact that the MHRA and § 1981 have different pleading standards and that the but-for pleading standard under § 1981 is the more exacting of the two. MHRA plaintiffs need only plead that discrimination was "a motivating factor" in the challenged employment decision. *McGrath*, 509 N.W.2d at 365 ("[E]ven if an employer has a legitimate reason for the discharge, a plaintiff may nevertheless prevail if an illegitimate reason 'more likely than not' motivated the discharge decision." (quoting *Anderson v. Hunter, Keith, Marshall & Co.*, 417 N.W.2d 619, 627 (Minn.1988))). In contrast, a § 1981 plaintiff "must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp.*, 140 S. Ct. at 1019. Because the pleading standards—"motivating factor" and "but-for cause"—are different, it does not necessarily follow from the Chief Judge's decision not to dismiss the MHRA claim that a § 1981 plaintiff can proceed under the same facts. For a § 1981 claim to withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Mr. Walton must adequately plead that but-for his race, he would not have been selected for termination.

---

*Cottages of Am., LLC*, 482 F.3d 997 (8th Cir. 2007); *Zutz v. Nelson*, 601 F.3d 842 (8th Cir. 2010). The Court analyzes Mr. Walton's arguments under this standard.

**B. "Bundled" Theories of Discrimination Do Not Preclude a Finding of But-For Causation in § 1981 Racial Discrimination Cases.**

In his proposed second amended complaint, Mr. Walton alleges that his termination was the product of "age, sex, and race discrimination." (Proposed Second Am. Compl. ¶1.) Medtronic argues that "[i]t is contradictory to argue that race was the but-for reason for his selection for termination, while also alleging that several other factors could have been the reason for that selection." (Def.'s Mem. Opp'n Mot. Amend 1, Dkt. No. 51.). While *Comcast* establishes a but-for causation standard for § 1981 claims, it does not directly address whether a plaintiff can plead *multiple* but-for causes. Mr. Walton argues that he can establish that race was the but-for cause of his termination while also alleging other bases of discrimination because an adverse employment event can have multiple but-for causes. (Pl.'s Mem. Supp. Mot. Amend 9–10.) Lower courts which have faced that question have come to different conclusions. *Compare Arora v. Nav Consulting Inc.*, No. 21-C-4443, 2022 WL 7426211, at *2–3 (N.D. Ill. Oct. 13, 2022) *and Adetoro v. King Abdullah Academy*, 585 F. Supp. 3d 78 (D.D.C. 2020) *with Turner*, 2022 WL 4082476 at *3–4 *and DiBenedetto*, 2022 WL 1682420 at *4–5. The Eighth Circuit has not opined on the issue. This Court concludes that the better rule is that "but-for" is not synonymous with "exclusive."[2] *See Turner*, 2022 WL 4082476 at *3–4; *DiBenedetto*, 2022 WL 1682420 at *4–5; *cf.* Restatement (Third) of Torts: Liab. Physical & Emotional Harm §§ 26–27 (Am. L. Inst. 2010) ("If multiple acts occur, each of which under § 26 [factual cause] alone would

---

[2] As the Court explains below, even if it found that pleading multiple causes of discrimination was incompatible with a § 1981 claim, it would still allow Mr. Walton to amend his complaint because Mr. Walton may plead in the alternative. Fed. R. Civ. P. 8(d).

have been a factual cause of the physical harm at the same time in the absence of the other act(s), each act is regarded as a factual cause of the harm.").

Mr. Walton relies on *Bostock v. Clayton County*, a case in which gay and transgender plaintiffs brought Title VII claims alleging sex discrimination against their employers after their terminations. 140 S. Ct. 1731, 1737 (2020). The Court held that Title VII—which prohibits employment discrimination "because of" a person's "sex,"— prohibited employers from firing employees for being gay or transgender. *Id.* at 1744 ("When an employer fires an employee for being homosexual or transgender, it necessarily and intentionally discriminates against that individual in part because of sex."). The Supreme Court concluded that Title VII's "because of" language suggested a but-for causation standard and noted that "[o]ften, events have multiple but-for causes." *Id.* at 1739. The Court concluded that "[s]o long as the plaintiff's sex was one but-for cause of [the adverse employment outcome], that is enough to trigger the law." *Id.*

Mr. Walton argues that the same species of nonexclusive but-for standard that the Supreme Court applied when interpreting Title VII in *Bostock* should apply in his § 1981 case. Medtronic replies that *Bostock* does not extend to § 1981 cases and therefore cannot save a complaint under § 1981 that alleges multiple but-for causes of an adverse employment decision. (Def.'s Mem. Opp'n Mot. Amend. Compl. 12.) Neither party identified an Eighth Circuit opinion supporting or contradicting this position after the Supreme Court's ruling in *Comcast*, and the Court's research did not locate one. Courts are divided on whether the reasoning of *Bostock* should extend past Title VII.

      *i.*      ***Courts Declining to Extend* Bostock's *Rule that "But-For" is Nonexclusive***

Medtronic relies on the Sixth Circuit's opinion in *Pelcha v. MW Bancorp, Inc.*, 988 F.3d 318, 324 (6th Cir. 2021), for their position that *Bostock's* logic was meant to analyze Title VII and only Title VII. In that case, a former employee of the defendant bank was fired for insubordination, but she alleged that she was fired because of her age in violation of the Age Discrimination in Employment Act ("ADEA"). *Id.* at 323–24. The plaintiff argued that because Title VII and the ADEA both had a but-for causation standard, the Supreme Court's decision in *Bostock* extended to the ADEA and thus allowed her to allege multiple but-for causes of her termination, one of which was age. *Id.* at 324. The Sixth Circuit disagreed, focusing on how the Supreme Court limited its opinion in *Bostock*. *Id.* ("Thus, the rule in *Bostock* extends no further than Title VII and does not stretch to the ADEA.") Even had the Supreme Court not explicitly limited its opinion, the Sixth Circuit noted, it still would not extend *Bostock* to the ADEA because another Supreme Court case directly controlled the application of but-for causation in the ADEA, not *Bostock*. *Id.*

At least one district court has followed the Sixth Circuit in declining to extend *Bostock's* but-for causation analysis outside of Title VII. In *Arora v. Nav Consulting Inc.*, the plaintiff 'bundled' potential causes, alleging discrimination based on race, ethnicity, national origin, and citizenship status in violation of § 1981. 2022 WL 7426211, at *2–3. The Court held that racial discrimination must be the determining factor in § 1981 claims and "a plaintiff cannot survive a motion to dismiss upon a showing that racial discrimination was one factor among many in a defendant's decision." *Id.* at *2 (quoting

*Piccioli v. Plumbers Welfare Fund Local 130, U.A.*, No. 19-CV-586, 2020 WL 6063065, at *6 (N.D. Ill. Oct. 14, 2020)). *Arora* interpreted *Bostock* as addressing "a narrow question within Title VII," and declining to extend its analysis of the phrase "because of" to other sex discrimination statutes. *Id.* at *3 ("The Court declines to apply *Bostock* to Section 1981 in contravention of *Comcast*.").

Other district courts have agreed with this restrictive interpretation of § 1981's causation standard. *See Adetoro v. King Abdullah Academy*, 585 F. Supp. 3d 78 (D.D.C. 2020) (dismissing § 1981 case alleging race discrimination because plaintiffs "offer[ed] a buffet of reasons other than race that plausibly caused, or contributed to, their termination" and that those reasons, accepted as true, made it impossible to show but-for causation, but not mentioning *Bostock*) *Id.* at *84–85; *Postell v. Fallsburg Libr.*, No. 20-CV-03991 (NSR), 2022 WL 1092857 (S.D.N.Y. Apr. 8, 2022) (dismissing 69-year-old Black man's § 1981 claim because he alleged discrimination based on race, sex, age, national origin, and disability, but not mentioning *Bostock*) But some courts find that *Bostock* allows plaintiffs to allege a non-exclusive but-for cause of their discrimination.

### ii.  *Courts Extending* Bostock's *Rule that But-For is Nonexclusive*

Mr. Walton's moving papers cite no case extending *Bostock's* analysis of causation in Title VII sex discrimination cases to a § 1981 case. At oral argument, plaintiff's counsel referenced a district court decision following *Comcast* that applied *Bostock* to a § 1981 case. *Nat'l Ass'n Afr. Am.-Owned Media v. Charter Commc'ns, Inc*., No. 16-CV-609

(GW/JEM) (C.D. Cal. Aug. 28, 2020), Dkt. Nos. 156–57. [3] In that case, the National Association of African American-Owned Media and Entertainment Studios Networks, Inc.—the same plaintiffs as in *Comcast*—sued Charter Communications, Inc. for § 1981 violations. *Id.* at 4. Charter Communications said that the plaintiffs' complaint alleged discrimination based on race but also revealed "multiple legitimate business reasons" that Charter decided not to contract with the plaintiffs. *Id.* at 5. Charter Communications interpreted *Comcast* as requiring plaintiffs to show that race was the but-for cause of Charter Communications' decision not to contract with them, as opposed to the other legitimate reasons mentioned in the complaint. *Id.* In short, Charter Communications asserted that by mentioning Charter Communications' stated reasons for not contracting in the complaint the plaintiffs pleaded themselves out of court. *Id.* at 5–6.

The Ninth Circuit ruled that the plaintiffs had adequately pleaded their § 1981 claim. *Charter*, 915 F.3d 617 (9th Cir. 2019) (finding that the plaintiffs only needed to prove "discriminatory intent was a factor in—and not necessarily the but-for cause of—a defendant's refusal to contract."). After the Supreme Court held in *Comcast* that plaintiffs had to plead but-for causation in § 1981 cases, 140 S. Ct. at 1019, the Supreme Court vacated the Ninth Circuit's decision in *Charter Communications* and remanded it for

---

[3] As defense counsel correctly observed, and as the Court's own research confirmed, *Charter Communications* is not the *Comcast* case that appeared before the Supreme Court. Following the Supreme Court's remand in *Comcast*, there was no subsequent opinion because the parties stipulated to dismissal of the case. Joint Stipulation to Dismiss, *Nat'l Ass'n of Afr.-Am. Owned Media v. Comcast Corp.*, No. 15-CV-1239 (TJH/FFM) (C.D. Cal. June 10, 2020).

proceedings consistent with *Comcast*, 140 S. Ct. 2561 (2020) (mem.). On remand, the district court reconsidered whether the plaintiffs had adequately pleaded their § 1981 claim under *Comcast*. *Charter*, No. 16-CV-609 (GW-JEM) (C.D. Cal. Aug. 28, 2020), Dkt. No. 156. The court applied *Bostock's* reasoning that "there can be multiple 'but-for' causes for an action alleged to be discriminatory." *Id.* at 11. It decided that the plaintiffs' pleadings— which included references to the non-discriminatory reasons Charter Communications gave to the plaintiffs for not contracting with them— did not need to prove that those non-discriminatory reasons were pretextual at the pleading stage. *Id.*

While *Charter Communications* does extend *Bostock* to the § 1981 context, it is not directly on point here because the plaintiffs in *Charter Communications* alleged discrimination based solely on race and then claimed that Charter Communications's non-discriminatory reasons for refusing to contract were pretextual. Here, Mr. Walton alleges three different, equally weighted bases for discrimination and then argues that the reported reason Medtronic terminated him—a restructuring—was pretextual. Unlike Charter Communications, Medtronic is not arguing that Mr. Walton must prove that the restructuring was pretextual at the pleading stage. Instead, it is arguing that when Mr. Walton himself alleges two other bases for discrimination (age and sex) he cannot then argue that race was the but-for cause of his termination. (Def.'s Mem. Opp'n Mot. Amend 10–11.) *Charter Communications* does not address this factual scenario, where an employee believes that they were discriminated against because of their membership in multiple protected classes. Thus, it is not persuasive.

However, the Court's own research discovered cases where a plaintiff alleged that other protected characteristics besides race played a role in their alleged discrimination without jeopardizing their race discrimination claims under § 1981. *Turner*, 2022 WL 4082476 at *3–4 (finding complaint adequate at motion to dismiss stage and characterizing the argument that plaintiff failed to prove but-for causation because he alleged discrimination based on race and sexual orientation as "go[ing] too far"); *Newman v. Amazon.com, Inc.*, No. 21-CV-531 (DLF), 2022 WL 971297, at *7 (D.D.C. Mar. 31, 2022) (relying on *Bostock* and holding that "[t]he fact that Newman alleges that the defendants took discriminatory actions against her because of her sex does not preclude her allegation that they also took those actions because of her race."); *Stankiewicz v. Pump N' Pantry, Inc.*, No. 20-CV-2021, 2022 WL 36238, at *3 n.3 (M.D. Pa. Jan 4, 2022) (rejecting defendant's claim that plaintiff failed to allege but-for causation in her § 1981 retaliation claim after reporting both racial and sexual orientation discrimination, citing *Bostock*); *Harris v. Cellco P'ship*, No. 21-CV-81129 (Middlebrooks/Matthewman), 2021 WL 8155331, at *5 (S.D. Fla. Dec. 29, 2021) ("Although Plaintiff alleges . . . that she was terminated due to her race, color, gender and sexual orientation . . . I do not interpret that as fatal to her § 1981 claim.").

The Court finds these cases persuasive because they analyze situations where plaintiffs alleged discrimination based on their membership in multiple classes protected under non-discrimination law, as opposed to cases where plaintiffs alleged racial discrimination in addition to some non-discriminatory basis for the adverse employment action. Further, these cases are in harmony with the logic of but-for causation and the ends

14

of non-discrimination law. *Warrick v. N.J. Off. Att'y Gen.*, No. 20-CV14274 (MAS/TJB), 2022 WL 1763855, at *4 n.4 (D.N.J. May 31, 2022) ("Defendants' argument leads to the illogical result that plaintiffs could not maintain a § 1981 claim when an employer discriminated against an employee based on race and some other protected characteristic.").

The cases are also in harmony with the Eighth Circuit's model jury instructions for § 1981 cases, which explicitly state that but-for causation "does not require that race was the only reason for the decision made by the defendant." Comm. on Model Civil Jury Instructions Within the Eighth Cir., *Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit* § 11.41 n.4 (2021). The notes on use for those instructions advise that "[s]o long as the plaintiff's race was one but-for cause of the adverse employment decision, that is enough to find for the plaintiff." *Id.* (citing *Bostock*, 140 S. Ct. at 1739). The Court is persuaded that allegations of discrimination on multiple bases do not defeat a § 1981 claim at the pleading stage.

The Court acknowledges that the Supreme Court in *Bostock* was at pains to make clear that its holding applied only to a narrow tranche of cases within Title VII, and expressly declined to extend its holding to "other sex discrimination statutes." *Bostock*, 140 S. Ct. 1731, 1754 (2020). But the limiting language of *Bostock* does not preclude courts from adopting its conclusion that events often have multiple but-for causes; rather, it cautions courts against extending its *application of that rule of logic* to other sex discrimination statutes:

> The employers worry that our decision will sweep beyond Title VII to other federal or state laws that prohibit sex discrimination . . . . But none of these other laws are before us; we have not had the benefit of adversarial testing about the meaning of their terms, and we do not prejudge any such question today.

Indeed, the Supreme Court recognized before *Bostock* that events can have multiple but-for causes. *See Paroline v. United States*, 572 U.S. 434, 451 (2014); *Burrage v. United States*, 571 U.S. 204, 215 (2014); *Univ. Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 347 (2013). Further, one of the preeminent secondary sources on causation, the Restatement of Torts, acknowledges the possibility. Restatement (Third) of Torts: Liab. Physical & Emotional Harm §§ 26–27 (Am. L. Inst. 2010). Thus, at the pleading stage, Mr. Walton can allege that he experienced discrimination because of his age, sex, and race without doing violence to his § 1981 claim.

Even if the Court were to come to the opposite conclusion on this question of law, it would still grant Mr. Walton leave to amend his complaint because the Federal Rules of Civil Procedure allow for alternative and inconsistent pleading and have a generous amendment standard. Fed. R. Civ. P. 8(d)(2)–(3) (regarding pleading); Fed. R. Civ. P. 15(a)(2) (regarding amendments). In a case remarkably similar to this one, a district court in the Northern District of Georgia decided not to address the but-for causation issue but allowed the § 1981 claim to proceed because inconsistent pleadings are allowed under Rule 8(d). *DiBenedetto v. AT&T Servs. Inc.*, 2022 WL 1682420 at *4–5. In that case, the plaintiff was a white man in his fifties who sued his former employer after he was terminated from his role as an assistant vice president during a reduction in force. *Id.* at *1. He alleged that he was terminated because his former employer was highly motivated to meet its corporate

16

diversity, equity, and inclusion plan. *Id.* at *2, 6. The former employer argued that because the plaintiff claimed he had suffered discrimination based on age, sex, and race, he had not met § 1981's but-for causation standard under *Comcast. Id.* at *4. ("The crux of AT&T's argument is that, in its view, a but-for cause means a *sole* cause.") After lamenting that federal courts at all levels "have not been uniform in their interpretation" of but-for causation, the court decided that the motion to dismiss the § 1981 claim did not depend on that interpretation. *Id.* at * 5. Instead, the court relied on the fact that Fed. R. Civ. P. 8(d) permits inconsistent claims at the pleading stage. ("The text couldn't be clearer—inconsistent claims are allowed.") *Id.*; *see also Munoz v. Union Pac. RR. Co.*, No. 21-CV-00186 (SU), 2021 WL 3598531, at *2–3 (D. Or. Aug. 13, 2021) (relying on *Bostock* to conclude that events can have multiple but-for causes, and that the plaintiff's claim of race discrimination was thus not incompatible with his claims of disability discrimination, but even if it were, such inconsistency was permissible at the pleading stage).

### iii.    *Mr. Walton Has Pleaded But-For Causation Under* Bostock.

Mr. Walton's proposed Second Amended Complaint presents a similar bundling of allegations as the claims of the plaintiffs in the cases described above. Mr. Walton's complaint alleges discrimination based on race, sex, and age. (Proposed Second Am. Compl. ¶ 27.) Mr. Walton has met his burden of pleading discrimination under § 1981, though that burden is admittedly "not a heavy one." *Amos v. GEICO Corp.*, No. 06-CV-1281 (PJS/RLE), 2006 WL 3437608, at *7 (D. Minn. 2006).

Mr. Walton has alleged—and in evaluating this motion to dismiss the Court must assume his factual allegations are true—that Medtronic maintains a diversity, equity, and

17

inclusion program that sought to have 40% of Medtronic's leadership positions occupied by women and 20% of its leadership positions occupied by people of color. (*Id.* at ¶ 21.) Mr. Walton claims that he excelled in his roles at Medtronic and was promoted into a position of leadership in the organization. (*Id.* at ¶¶ 16–20.) Despite his success, Mr. Walton was terminated from Medtronic and his duties were reassigned to a Black woman who previously reported to him, who was younger, and who had less experienced. (*Id.* at ¶ 24–26.) Assuming all these facts are true, Mr. Walton's proposed amended complaint plausibly suggests that if he had been a person of color, he would not have been terminated. *See DiBenedetto*, 2022 WL 1682420 at *8 n.7 ("[H]is factual allegations plausibly suggest that but-for his race he would not have been terminated under the RIF . . . . [I]n answer to the counterfactual—what would have happened if Plaintiff was not white?—the complaint plausibly suggests . . . that a different employment decision would have been reached.").

## CONCLUSION

The proposed Second Amended Complaint alleges Mr. Walton's termination was rooted in discrimination based upon his race, gender, and age. The Court finds that pleading multiple, bundled theories of discrimination does not prevent a plaintiff from pleading that racial discrimination was the but-for cause of their termination as required by 42 U.S.C. § 1981. Therefore, Mr. Walton's proposed Second Amended Complaint would survive a motion to dismiss and is not futile. But even if the Court were to come to the opposite conclusion, it would still allow the amendment because Mr. Walton is entitled to plead in the alternative. *See* Fed. R. Civ. P. 8(d).

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Mr. Walton's Motion to Amend is **GRANTED**.

Date: April 28, 2023                              _s/ John F. Docherty_
                                                  JOHN F. DOCHERTY
                                                  United States Magistrate Judge